WALLACE PLUMBING CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10450.      Promulgated October 29, 1927.

Commissioner's determination approved for lack of evidence.

*Leon E. Williams, C. P. A.*, for the petitioner.
*W. H. Lawder, Esq.*, for the respondent.

MURDOCK: This is a proceeding for the redetermination of a deficiency of $2,924.42 in income and profits taxes for the calendar year 1921. The only allegation of error is that "the taxable income has been overstated for the reason that the same has been erroneously computed on an accrual basis, whereas the books of the corporation are maintained on a cash receipts and disbursements basis." The respondent admits that he "has computed the taxpayer's net income on the accrual basis."

In the statement accompanying the deficiency letter the following appears:

| | | |
|---|---|--:|
| Net Income reported | | $3,709.10 |
| Add: | | |
| (a) Purchases and direct labor | | 10,510.56 |
| (b) Rentals | | 197.29 |
| (c) Miscellaneous expense | | 1,835.05 |
| (d) Life insurance | | 492.28 |
| | | 16,744.28 |
| Deduct: | | |
| (e) Sales | | 3,046.69 |
| Taxable Net Income | | 13,697.59 |

Item (a) is explained by stating that from the payments for purchases and direct labor as shown by the cash book the reduction in accounts payable during the year has been subtracted. Item (b) is explained by a statement that the amount was omitted from the

return; (c) is explained by a statement that the expenses as shown on the return were greater, by that amount, than the expenses shown by an analysis of the cash book; (d) is explained as an improper deduction from gross income under Regulations 45, section 294; (e) is explained by stating that from the receipts from business done as shown by an analysis of the cash book, the reduction in accounts receivable during the year was subtracted and the amount of the sales for the year was arrived at, which amount was $3,046.69 less than the sales shown on the return. The increase in net income as shown in the above statement gave rise to the deficiency. The correctness of the figures used by the Commissioner was not contested.

The secretary and treasurer of the petitioner was the only witness called. He stated that he knew almost nothing about bookkeeping, that he had not kept the petitioner's books, that he had merely signed the income-tax returns, that the books had been kept by an employee who was not a practical bookkeeper, and that this employee had made the returns from the records which he kept. He further testified that the records kept by this employee consisted of a cash book, which was offered in evidence, and a journal, which was not offered in evidence but which showed the accounts receivable and the accounts payable. He stated that the records had been incompletely kept and had been the source of considerable trouble with both debtors and creditors. He also testified in regard to some other matters which are immaterial. The return was offered in evidence and it showed a deduction for bad debts in the amount of $1,221.30. The Commissioner in a statement accompanying the deficiency letter stated:

A careful examination of your original returns discloses that your books were kept on an accrual basis. Bad debts have been deducted on your return which must have been previously reported as income. Accounts receivable, accounts payable and inventories were carried on your books which accounts are kept in connection with accrual rather than cash receipts and disbursements basis. In view of the above it is held that your books reflect the accrual basis.

The evidence before us does not overcome the presumption that the Commissioner was correct in his determination of the deficiency, but on the contrary tends to sustain his contention that the records were kept by some accrual method.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

VAN FOSSAN, dissenting: I am unable to agree with the prevailing opinion in this case that the evidence is insufficient to sustain petitioner's contention. Although the method employed by petitioner in keeping its books bore some resemblance to an accrual basis, I think it clear that petitioner was attempting to keep its books on a cash

receipts and disbursements basis. The mere presence of certain additional records usually indicative of an accrual method of accounting is not, in my judgment, sufficient to warrant the conclusion that in this case petitioner's books were kept on that basis.

It will scarcely be gainsaid that Congress intended to apply that method of accounting that will most accurately reflect true income. In 1920 petitioner's sales were $218,148.22, while in 1921 they were but $119,051.86. As computed by the Commissioner on the accrual basis, taxes for 1920 amount to $1,342.42, while for 1921, with little over half the sales, taxes amount to $13,697.59. The existence of such a discrepancy in taxes, unless attributable to peculiar express factors, would seem to indicate a gross distortion of income.